IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES STEWART | ) | CASE NO: |
| 6415 Meadowsweet Avenue NW | ) | |
| Canton, Ohio 44718 | ) | |
| | ) | |
| Plaintiff, | ) | JUDGE |
| | ) | |
| vs. | ) | **COMPLAINT FOR INJUNCTIVE** |
| | ) | **RELIEF AND DAMAGES** |
| SUAREZ CORPORATION INDUSTRIES | ) | |
| c/o BDB Agent Company | ) | (Jury Demand Endorsed Herein) |
| 3800 Embassy Parkway, Suite 300 | ) | |
| Akron, Ohio 44333 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| PETE COOK | ) | |
| c/o Suarez Corporation Industries | ) | |
| 7800 Whipple Avenue NW | ) | |
| North Canton, Ohio 44720 | ) | |
| | ) | |
| -and- | ) | |
| | ) | |
| BENJAMIN SUAREZ, REGISTER #59502- | ) | |
| 060 | ) | |
| c/o FCI Gilmer | ) | |
| Federal Correctional Institution | ) | |
| P.O. Box 6000 | ) | |
| Glenville, West Virginia 26351 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Charles Stewart, by and through undersigned counsel, as his Complaint against

Defendants, states and avers the following:

## PARTIES & VENUE

1. Stewart is a resident of the city of Canton, County of Stark, and State of Ohio.

2. Suarez Corporation Industries is an Ohio corporation with its principal place of business in

   North Canton, Ohio.



3.  At all times material herein, Suarez Corporation was Stewart's employer within the meaning of 29 U.S.C. § 623 *et seq.*

4.  At all times material herein, Suarez Corporation was Stewart's employer within the meaning of Ohio Rev. Code § 4112.

5.  Pete Cook is a resident of Ohio.

6.  At all times material herein, Cook was employed in a supervisory position over Stewart.

7.  At all times material herein, Cook was acting in the course and scope of his employment at Suarez Corporation.

8.  At all times material herein, Cook was acting in the interest of his employer, Suarez Corporation.

9.  Cook was Stewart's employer within the meaning of Ohio Rev. Code § 4112.

10. Benjamin Suarez is confined to the Federal Corrections Institute in Gilmer County, West Virginia.

11. At all times material herein, Benjamin Suarez was employed in a supervisory position over Stewart.

12. At all times material herein, Benjamin Suarez was acting in the course and scope of his employment at Suarez Corporation.

13. At all times material herein, Benjamin Suarez was acting in the interest of his employer, Suarez Corporation.

14. Benjamin Suarez was Stewart's employer within the meaning of Ohio Rev. Code § 4112.

15. Within 300 days of the conduct alleged below, Stewart filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2015-00764.

16. 60 days have passed since the filing of Charge No. 532-2015-00764.

The Employee's Attorney.™



17. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Stewart is alleging a Federal Law Claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623 *et seq*.

18. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

19. All material events alleged in this Complaint occurred in Stark County.

20. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which a substantial part of the events giving rise to the claims alleged in this Complaint occurred.

21. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

22. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

### FACTS

23. Stewart was born in 1948.

24. At all times material herein, Stewart was over the age of forty years.

25. At all times material herein, Stewart was a member of a statutorily-protected class pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623 *et seq*.

26. At all times material herein, Stewart was a member of a statutorily-protected class pursuant to Ohio Rev. Code § 4112.

27. On or about October 14, 1996, Suarez Corporation hired Stewart as its Director of Purchasing.

The Employee's Attorney.™



28. On or about December 11, 2014, Cook informed Stewart that Cook, Benjamin Suarez, and Suarez Corporation were eliminating Stewart's position.

29. On or about December 11, 2014, Cook informed Stewart that Cook, Benjamin Suarez, and Suarez Corporation were terminating Stewart's employment.

30. Stewart's position was not actually eliminated.

31. Subsequent to the termination of Stewart, Defendants replaced Stewart with a substantially younger individual.

32. Subsequent to the termination of Stewart, Defendants promoted an individual decades younger than Stewart into the newly created role of Director of Procurement.

33. The Director of Procurement works out of the office formerly occupied by the Director of Purchasing.

34. The Director of Procurement has the same essential duties as the former position of Director of Purchasing.

35. The Director of Procurement manages the staff that was formerly managed by the Director of Purchasing.

36. The Director of Procurement is effectively the same position as the Director of Purchasing.

37. Prior to terminating Stewart, Benjamin Suarez publicly stated that Stewart was planning on retiring.

38. Stewart was not planning on retiring prior to his termination.

39. Stewart did not tell anyone that he was planning on retiring.

40. Defendants terminated Stewart so that they could replace Stewart with a substantially younger employee.

41. Defendants terminated Stewart because of Stewart's age.

The Employee's Attorney.™



42. Defendants attempted to conceal their unlawful termination of Stewart by creating a new position, Director of Procurement, which is in actuality the same position as Stewart's "eliminated position," Director of Purchasing.

43. Defendants' termination of Stewart was unlawful discrimination based on age.

44. As a result of Defendants' unlawful conduct, Stewart has suffered pecuniary harm.

## COUNT I: AGE DISCRIMINATION IN VIOLATION OF THE ADEA

45. Stewart restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

46. At all times during his employment with Suarez Corporation, Stewart was fully qualified for the position of Director of Purchasing.

47. At the time that Suarez Corporation terminated Stewart, Stewart was a member of a statutorily-protected class under 29 U.S.C. § 623, *et seq.*

48. Suarez Corporation terminated Stewart because of Stewart's age.

49. Suarez Corporation's termination of Stewart was unlawful pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 623(a).

50. As a direct and proximate result of Suarez Corporation's unlawful termination of Stewart, Stewart suffered and will continue to suffer damages.

## COUNT II: AGE DISCRIMINATION IN VIOLATION OF OHIO REV. CODE § 4112.14

51. Stewart restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

52. At all times during his employment with Suarez Corporation, Stewart was fully qualified for the position of Director of Purchasing.

The Employee's Attorney.™



53. At the time that Cook and Benjamin Suarez terminated Stewart, Stewart was a member of a statutorily-protected class pursuant Ohio Rev. Code § 4112.

54. Cook and Benjamin Suarez terminated Stewart because of Stewart's age.

55. Cook's and Benjamin Suarez's termination of Stewart was unlawful pursuant to Ohio Rev. Code § 4112.14.

56. As a direct and proximate result of Cook's and Benjamin Suarez's unlawful termination of Stewart, Stewart suffered and will continue to suffer damages.

## COUNT III: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

57. Stewart restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

58. Defendants intended to cause Stewart emotional distress, or knew that their acts or omissions would result in serious emotional distress to Stewart.

59. Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered as utterly intolerable in a civilized community.

60. As a direct and proximate result of Defendants' acts and omissions as set forth above, Stewart has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it.

61. As a direct and proximate result of Defendants' conduct and the resulting emotional distress, Stewart suffered and will continue to suffer damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Charles Stewart respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

The Employee's Attorney.™



    (i)      Requiring Defendants to abolish discrimination, harassment, and retaliation.

    (ii)     Requiring allocation of significant funding and trained staff to implement all changes within two years.

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees.

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints.

    (v)     Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions.

(b) Issue an order requiring Defendants to retroactively restore Stewart to one of the positions to which he was entitled by virtue of his service and qualifications, and expunge his personnel file of all negative documentation.

(c) For an award against Defendants of compensatory and monetary damages to compensate Stewart for emotional distress, personal injury, property damage and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(d) For an award of punitive damages against Defendants in an amount in excess of $25,000;

(e) For an award of reasonable attorney's fees and non-taxable costs for Stewart's claims as allowable under law;

(f) For an order requiring Defendants to cease and desist from any employment practice which discriminates or harasses against Stewart or others on the basis of race, color, religion, sex,

The Employee's Attorney.™



military status, national origin, disability, age, or ancestry, or in retaliation against the person because he or she complained about such discrimination.

(g) For an award of the taxable costs of this action; and

(h) For an award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

*/s/ Peter Mapley*

Peter C. Mapley (0092359)
Brian D. Spitz (0068816)
**THE SPITZ LAW FIRM, LLC**
4620 Richmond Road, Suite 290
Warrensville Heights, Ohio 44128
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: peter.mapley@spitzlawfirm.com
          brian.spitz@spitzlawfirm.com

*Attorneys For Plaintiff Charles Stewart*

The Employee's Attorney.™



## **JURY DEMAND**

Plaintiff Charles Stewart demands a trial by jury by the maximum number of jurors permitted.


/s/ Peter Mapley_____
Peter C. Mapley (0092359)
**THE SPITZ LAW FIRM, LLC**

The Employee's Attorney.™

