UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES STEWART, | ) | Case No. 5:15CV1425 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| v. | ) | GEORGE J. LIMBERT |
| | ) | |
| SUAREZ CORPORATION | ) | |
| INDUSTRIES, *et al.*, | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| Defendants. | ) | |
| | ) | |

This matter is before the undersigned on a motion for partial dismissal of Plaintiff Charles Stewart's ("Plaintiff") complaint pursuant to Fed. R. Civ. P. 12(b)(6) filed by Defendants Suarez Corporation Industries, Pete Cook, and Benjamin Suarez ("Defendants") on August 18, 2015. ECF Dkt. #7. Plaintiff filed a brief in opposition to Defendants' motion for partial dismissal on August 31, 2015. ECF Dkt. #13. On September 8, 2015, Defendants filed a reply in support of their motion for partial dismissal. ECF Dkt. #16. All parties consented to this case being transferred to the docket of the undersigned, and the case was transferred on September 9, 2015. ECF Dkt. #18.

For the following reasons, the Court GRANTS Defendants' motion for partial dismissal of Plaintiff's complaint (ECF Dkt. #7), and DISMISSES Count III of Plaintiff's complaint (ECF Dkt. #1 at 6).

### I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff worked for Defendant Suarez Corporation Industries as a director of purchasing for approximately eighteen years, beginning in 1996. ECF Dkt. #1 at 3; ECF Dkt. #7 at 2; ECF Dkt. #13 at 2. Plaintiff alleges that in December 2014, Defendants informed Plaintiff that his position was being eliminated, and that Plaintiff was being terminated. ECF Dkt. #1 at 4; ECF Dkt. #7 at 2; ECF Dkt. #13 at 2. Plaintiff alleges that his position was not actually eliminated, but instead Defendants replaced Plaintiff's position as "Director of Purchasing" with the position of "Director of Procurement," a position with the same essential duties, and hired a substantially younger

individual for the new position subsequent to Plaintiff's termination. ECF Dkt. #1 at 4. According to Plaintiff, prior to his termination Defendant Benjamin Suarez publically stated that Plaintiff was planning on retiring. *Id.* Plaintiff was above the age of forty at all times material to the instant case, and thus was a member of a statutorily protected class under both 29 U.S.C. § 623 and Ohio R.C. § 4112.14. ECF Dkt. #1 at 3; ECF Dkt. #7 at 2; ECF Dkt. #13 at 2.

On July 20, 2015, Plaintiff filed a complaint against all Defendants alleging discrimination on the basis of age in violation of federal law pursuant to 29 U.S.C. § 623, and in violation of state law pursuant to Ohio R.C. § 4112.14. ECF Dkt. #1 at 3-6. Additionally, Plaintiff contends that Defendants' actions towards Plaintiff were so extreme and outrageous as to amount to intentional infliction of emotional distress ("IIED"). *Id.* at 6. Defendants filed an answer to Plaintiff's complaint on August 18, 2015, denying many of Plaintiff's allegations and asserting seven affirmative defenses. ECF Dkt. #8. On that same day, Defendants filed the instant motion for partial dismissal of Plaintiff's complaint. ECF Dkt. #7.

In the motion for partial dismissal of Plaintiff's complaint, Defendants ask that the Court dismiss Plaintiff's IIED claim because Plaintiff had failed to allege any conduct by Defendants that qualifies as extreme and outrageous. ECF Dkt. #7 at 1. Plaintiff responded on August 31, 2015, arguing that his IIED claim satisfied the pleading requirements of Fed. R. Civ. P. 8, and it would be inappropriate at this stage of litigation to dismiss Plaintiff's IIED claim. ECF Dkt. #13 at 1. Defendants replied, reasserting that Plaintiff's IIED claim should be dismissed under Ohio law. ECF Dkt. #16.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Fed. R. Civ. P. 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action..." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further

factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 556 U.S. at 668. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

### III.   ANALYSIS

In their motion for partial dismissal of Plaintiff's complaint, Defendants argue that Plaintiff has failed to allege conduct by Defendants that is "extreme and outrageous." ECF Dkt. #7 at 5. Plaintiff and Defendants agree that, under Ohio law, to recover for intentional infliction of emotional distress, a plaintiff must prove: (1) the defendant(s) intended to cause serious emotional distress; (2) the conduct of the defendant(s) was extreme and outrageous; and (3) the conduct of the defendant(s) was the proximate cause of the plaintiff's serious emotional distress. ECF Dtk. #7 at 5; ECF Dkt. #13 at 3 (both citing *Phung v. Waste Mgt., Inc.,* 71 Ohio St.3d 408, 410, 1994-Ohio-389, 644 N.E.2d 286, 289). This Court has determined that to say that Ohio courts narrowly define "extreme and outrageous conduct" would be something of an understatement. *Baab v. AMR Services Corp.*, 811 F.Supp. 1246, 1269 (N.D. Ohio Jan. 6, 1993). "Only conduct that is truly outrageous, intolerable, and beyond the bounds of decency is actionable; persons are expected to be hardened to a considerable degree of inconsiderate, annoying, and insulting behavior." *Petrarca v. Phar-Mor,*

*Inc.,* 11th Dist. Trumbull No. 2000-T-0121, 2001 WL 1117015 (Sept. 21, 2001) (citing *Yeager v. Local Union 20, Teamsters, Chauffeurs, Warehousemen, & Helpers of Am.,* 6 Ohio St.3d 369, 375, 453 N.E.2d 666, 670-71 (1983), *abrogated on other grounds by Welling v. Weinfeld*, 113 Ohio St.3d 464, 2007-Ohio-2451, 866 N.E.2d 1051)).

Defendants claim that Plaintiff has failed to allege conduct on the part of Defendants that constitutes extreme and outrageous conduct that goes beyond the bounds of decency. ECF Dkt. #7 at 5. Defendants assert that Plaintiff only supports his IIED claim by merely alleging that:

> Defendants intended to cause [Plaintiff] emotional distress, or knew that their actions would result in serious emotional distress to [Plaintiff]. Defendants' conduct was so extreme and outrageous as to go beyond all possible bounds of decency and was such that it can be considered utterly intolerable in a civilized community.

*Id.* (citing ECF Dkt. #1 at 7). Further, Defendants contend that after making the above allegations, Plaintiff made the conclusory statement that:

> As a direct and proximate result of Defendants' acts and omissions as set forth above [Plaintiff] has suffered mental anguish of such a serious nature that no reasonable person could be expected to endure it. As a direct and proximate result of Defendants' conduct and the resulting emotional distress, [Plaintiff] suffered and will continue to suffer damages.

*Id.* Defendants maintain that, even construing the above allegations contained in the complaint in Plaintiff's favor, these allegations are insufficient to support an IIED claim. ECF Dkt. #7 at 6.

To support their position, Defendants first argue that it is well established in Ohio that a party is generally unable to be held liable under a theory of IIED for having performed an action the party was legally entitled to perform. ECF Dkt. #7 at 6 (citing *Southern Ohio Med. Ctr. v. Harris*, 4th Dist. Scioto No. 98 CA 2604, 1999 WL 729256 (Sept. 3, 1999). Defendants further argue that termination from employment does not form the basis for an IIED claim. ECF Dkt. #7 at 6 (citing *Ekunsumi v. Cinncinnati Restoration, Inc.*, 120 Ohio App.3d 557, 563, 698 N.E.2d 503, 506 (1st Dist.1997); *Lopez v. Am. Family Ins. Co.*, 618 Fed. App'x 794, 805 (6th Cir. 2015) (reinforcing the proposition that under Ohio law an employee's termination, even if based upon discrimination, does not rise to the level of extreme and outrageous conduct without proof of something more because if this were the case every discrimination claim would simultaneously become a cause of action for IIED)).

Defendants' second argument in support of their position asserts that nothing contained in Plaintiff's complaint even comes close to identifying the conduct of Defendants as extreme and outrageous. ECF Dkt. # 7 at 7. Defendants assert that because Plaintiff has failed to allege conduct that could be characterized as so extreme and outrageous that it exceeds the bounds of decency, Plaintiff has failed to state a claim upon which relief can be granted. *Id.* (citing *Bear v. Delaware Cty., OH*, No. 2:14-cv-43, 2014 WL 6808981, *11 (S.D. Ohio Dec. 2, 2014) (dismissing the plaintiff's complaint because the complaint did not proffer an adequate factual basis to show that the defendant's action constituted IIED)). Defendants point to cases in which courts have rejected IIED claims to demonstrate that the extreme and outrageous conduct requirement is difficult for a plaintiff to satisfy. ECF Dkt. #7 at 7. In *Mendlovic v. Life Line Screeninf of Am., Ltd.,* 173 Ohio App.3d 46, 58, 2007-Ohio-4674, 877 N.E.2d 377, ¶48 (8th Dist.), the court determined that allegations that an employer "barked" at the plaintiff at a company meeting, yelled at the plaintiff and blamed her for bad weather, told plaintiff it was too busy at work to take a vacation, and terminated the plaintiff did not rise to the level of outrageous conduct. In *Pollock v. Rashid*, 117 Ohio App.3d 361, 370, 690 N.E.2d 903, 909 (1st Dist. 1996), the court determined that a television anchor who falsely and inaccurately made statements about a prison inmate's transsexual lifestyle was not liable for IIED because the anchor's conduct was not sufficiently extreme and outrageous.

Defendants point to additional case law on this subject in their reply in support of their motion for partial dismissal. ECF Dkt. #16 at 5. In *Krupar v. Centria Partnership,* 5th Dist. Guernsey No. 98-CA-18, 1999 WL 770232, *2 (August 31, 1999), the plaintiff-appellant made allegations in his complaint that he was subjected to on-going age discrimination, was twice demoted and his old position was filled by a younger employee, and that defendant-appellee made false statements concerning the plaintiff-appellant's employment. In *Krupar*, both the trial court and the appellate court determined that the defendant-appellee's conduct did not rise to the level of extreme and outrageous conduct. *Id.* at *3.

In response to Defendants' assertion that Plaintiff's complaint was conclusory as to extreme and outrageous conduct, Plaintiff argues that the factual allegations cited by Defendants are not the

-5-

only factual allegations made by Plaintiff that are relevant to his IIED claim. ECF Dkt. #13 at 4. Plaintiff asserts that he additionally made the following factual allegations:

> Defendants chose to discard an older worker, in favor of a much younger replacement; Defendants attempted to fool an older employee as to their true motives with a ruse that insults the intelligence, demeans older workers, and promotes stereotypes about the gullibility and intellect of older individuals; Defendants attempted to make a fool of [Plaintiff] by telling others that [Plaintiff] was readying to retire, even though [Plaintiff] had no such intention; in doing so, Defendants intended to cause [Plaintiff] serious emotional harm; and Defendants did cause [Plaintiff] severe emotional harm.

ECF Dkt. #13 at 4. Plaintiff did not include any citations to the complaint when making the above statement, and the Court does not note any specific allegations in the complaint regarding Defendants' intent to fool or embarrass Plaintiff. Presumably, Plaintiff is claiming that Defendants were attempting to fool and/or embarrass Plaintiff when stating that he was ready to retire. However, there are no specific allegations in the complaint regarding these motivations, and there may have been other reasons, whether savory or unsavory, for the statements regarding Plaintiff's retirement.

Plaintiff also argues that his statements were not conclusory because the Northern District of Ohio has recognized that even when a plaintiff's allegations appear conclusory, it must still be determined whether is appears beyond a reasonable doubt that the plaintiff can prove no set of facts showing that the defendant's actions were extreme and outrageous. *Aker v. New York and Co., Inc.*, 364 F.Supp.2d 661, 667 (N.D. Ohio March 17, 2005). In *Aker*, the plaintiff was terminated following allegedly mishandling a shoplifting incident, and before the plaintiff was allowed to leave the store where she had previously worked, the terminating manager detained her and searched her purse, coat, bags, and person. *Id.* at 664. The *Aker* court determined that while the plaintiff's allegations were conclusory, it did not appear beyond doubt that she could prove no set of facts indicating that the defendant's actions were extreme and outrageous, and thus the court denied the defendant's motion to dismiss the plaintiff's claim for IIED. The undersigned notes that while *Aker* does support the claim that conclusory assertions as to extreme and outrageous conduct do not necessarily result in the dismissal of an IIED claim, the *Aker* opinion also looked to what the facts

asserted by the plaintiff actually entailed when determining whether the plaintiff could demonstrate extreme or outrageous conduct. *Id.* at 666-67.

Even assuming the correctness of all of Plaintiff's allegations and assuming Plaintiff's statements were not merely conclusory, Defendants' conduct was not extreme and outrageous. Taking the complaint in the light most favorable to Plaintiff, Defendants made statements indicating that Plaintiff was retiring, although Plaintiff did not intend to retire. Defendants then terminated Plaintiff, telling him his position had been eliminated, and replaced him with a younger individual with a new title and substantially similar duties. The conduct alleged by Plaintiff is not extreme and outrageous, as defined by Ohio courts, and thus Plaintiff has failed to state an IIED claim that is plausible on its face.

In *Mullholand v. Harris Corp.,* No. 94-3725, 1995 WL 730466, *1-2 (6th Cir. 1995), a co-worker had allegedly sexually assaulted the plaintiff, spread rumors about the plaintiff, pushed the plaintiff against her locker and slammed the locker doors against her, and slapped the plaintiff. The Sixth Circuit concluded that the co-worker's behavior did not rise to the level of extreme and outrageous conduct necessary to constitute an IIED claim. *Id.* at *6-7. In *Norman v. City of Lorain, OH,* No. 1:04 CV 913, 2006 WL 3337466, *2 (N.D. Ohio Nov. 16, 2006), this court held that there was no IIED when a police officer, while attempting to escort the plaintiff back to a hospital, forced the plaintiff's right arm behind her back, allegedly causing the plaintiff's arm to break. The court held that the police officer's conduct was not "outrageous and extreme beyond all bounds of decency and subsequently cannot be characterized as utterly intolerable in a civilized community." *Id.* Accordingly, the court determined that the plaintiff had failed to demonstrate all elements necessary for a successful IIED claim. *Id.*

Additional cases also demonstrate the high bar set by the extreme and outrageous conduct requirement. In *Branan v. Mac Tools,* 10th Dist. Franklin No. 03-AP-1096, 2004-Ohio-5574, the court determined that the following conduct did not constitute extreme and outrageous conduct: (1) the employee was interrogated for several hours; (2) the employer twice refused employee's requests to leave; (3) the employer's team members exhibited some degree of physical intimidation, and called the employee a liar and a corporate spy; (4) the employer threatened the employee,

-7-

stating that the employee would never obtain another job and would be unable to feed his child; (5) the employer searched the employee's personal belongings; and (6) the employer observed the employee's home and took pictures of the home and vehicles parked outside the home. On another instance, in *Perkins v. Lavin*, 98 Ohio App.3d 378, 648 N.E.2d 839 (9th Dist.1994), the court determined that a hospital did not act in an extreme and outrageous manner when the hospital administered a blood transfusion to a woman who had indicated that she did not want a blood transfusion, even to save her life, and overruled the plaintiff's assignment of error regarding her IIED claim.

In Ohio, "it has not been enough that the defendant has acted with an intent which it tortious or even criminal in nature, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by malice or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort." *Yeager*, 6 Ohio St.3d at 375. In IIED cases, liability has only been found where the conduct was so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious. *Id.* "Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'" *Id.* Defendants actions do not rise to the high standard of extreme and outrageous conduct, as demonstrated by a review of the complaint and applicable case law. Accordingly, Plaintiff's complaint fails to state a claim for relief for IIED that is plausible on its face and Count III of Plaintiff's complaint is thereby dismissed.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for partial dismissal of Plaintiff's complaint (ECF Dkt. #7), and DISMISSES Count III of Plaintiff's complaint (ECF Dkt. #1 at 6).

Date: December 8, 2015            */s/ George J. Limbert*
                                                      GEORGE J. LIMBERT
                                                     UNITED STATES MAGISTRATE JUDGE